# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**DEUTSCHE BANK NAT'L,**

                        **Plaintiff,**

v.                                                                                      1:06-cv-1588-WSD

**ANDREKA EBERHART,**

                        **Defendant.**

## OPINION AND ORDER

This action originally was filed in the Magistrate Court of Clayton County, Georgia. Plaintiff Deutsche Bank Nat'l Trust Co. ("Plaintiff") alleges that Defendant Andreka Eberhart ("Defendant") is a tenant at sufferance, following foreclosure. (Dec. 5, 2005 Dispossessory Proceeding, attached to Notice of Removal [1].) On April 11, 2006, the Magistrate Judge ordered Defendant to pay $17,698.20 into the court's registry within five days, and $1,769.82 on the first day of May 2006, and the first day of every month thereafter until the case is concluded on appeal.[1] (Apr. 11, 2006 Order, attached to Notice of Removal, at 1-2.)

---

[1] It is unclear whether this order issued from the Magistrate Court or the Superior Court, but this distinction is not material to the Court's analysis. (See May 12, 2006 and June 6, 2006 Court of Appeals of the State of Georgia Orders, attached to Notice of Removal.)

Defendant appealed the April 11, 2006 Order, and the Court of Appeals denied Defendant's application on the merits. (See June 6, 2006 Court of Appeals of the State of Georgia Order, attached to Notice of Removal.) Because Defendant failed to make the required payments into the court's registry, on June 15, 2006, the Superior Court of Clayton County ordered that a Writ of Possession be issued by the clerk in favor of Plaintiff. (June 15, 2006 Order, attached to Notice of Removal.) On July 5, 2006, Defendant removed this case to this Court, asserting this Court has jurisdiction under both diversity of citizenship and federal question jurisdiction. (Notice of Removal.)

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where

a doubt about jurisdiction arises."). Here, Defendant's removal to this Court raises a jurisdictional issue which the Court, *sua sponte*, must address before it proceeds further. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte* decide to remand the case for lack of subject matter jurisdiction).

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal generally is appropriate in three circumstances: (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th

Cir. 2001). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant claims this Court has diversity jurisdiction because Plaintiff "is and was at the time of the commencement of said action and since has been a citizen and resident of the State of Georgia, and [Defendant] is and has been since prior to the time of filing said suit, a citizen and resident of the State of Georgia . . . and the matter in controversy exceeds the sum of" $75,000. (Notice of Removal at 2.) Defendant claims this Court has federal question jurisdiction because the Magistrate Court of Clayton County, Superior Court of Clayton County and Court of Appeals of Georgia violated Plaintiff's due process rights. (<u>Id.</u> at 3-5.) These allegations are insufficient to demonstrate that the Court has subject matter jurisdiction in this case.

The Court first examines whether it has diversity jurisdiction. Section 1332 provides that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332 further states that "[f]or the purposes of this section . . . a corporation shall be deemed to be a citizen of any State by which it has been

incorporated and of the State where it has its principal place of business . . . ." Id. § 1332(c)(1). "Diversity jurisdiction, as a general rule, requires complete diversity -- every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).

Defendant states both she and Plaintiff are citizens of the State of Georgia. (Notice of Removal at 2.) Because complete diversity does not exist in this case, this Court does not have diversity jurisdiction.

The Court next examines whether it has federal question jurisdiction. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to

determine whether removal was appropriate."). In this case, it is clear that Plaintiff relies exclusively on state law, and thus the well-pleaded complaint rule is not satisfied. In addition, Defendant fails to allege grounds for the application of any exception to the well-pleaded complaint rule. See, e.g., Alabama v. Conley, 245 F.3d 1292, 1295-99 (11th Cir. 2001). Because Defendant fails to demonstrate that the Court has subject matter jurisdiction over this case, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court of Clayton County, Georgia.

**SO ORDERED** this 10th day of July, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE